# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**QUENTIN DARRELL BLACKMAN,**

    **Plaintiff,**

    **v.**                                  Case No. 22-3262-JWL-JPO

**SEDGWICK COUNTY JAIL, ET AL.,**

    **Defendants**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a pretrial detainee in the Sedgwick County Jail, proceeds pro se.

Plaintiff filed this action on October 17, 2022. On the same day, the clerk of the court entered a notice of deficiency advising plaintiff that he must either pay the filing fee or file a motion for leave to proceed in forma pauperis and that he must present his complaint on a court-approved form.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court has conducted an initial review of the complaint and advises plaintiff that the Sedgwick County Jail and the Sedgwick County Sheriff's Department are not proper defendants in this action.

As stated, plaintiff proceeds under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). As a governmental sub-unit, a prison or jail cannot sue or be sued because such an entity is not a "person" subject to suit for monetary damages

under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989). Therefore, such a defendant is subject to dismissal. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished)("generally, governmental sub-units are not separable suable entities that may be sued under § 1983") and *Aston v. Cunningham*, 2000 WL 796086, *4 n.3 (10th Cir. June 21, 2000)(unpublished)(stating that jail would be dismissed "because a detention facility is not a person or legally created entity capable of being sued").

Likewise, the Sedgwick County Sheriff's Department is not a suable entity under § 1983. *See Moore v. Diggins*, 633 F. App'x 672, 677 (10th Cir. 2015) (holding the Denver Sheriff's Department "is not a suable entity under § 1983"); *Faulkner v. Correct Care Sols.*, No. 13-3127-SAC, 2013 WL 5499815, at *4 (D. Kan. Oct. 3, 2013) (finding the Johnson County Sheriff's Department is not a suable entity); *Williams v. Clay Cty. Police Dep't*, No. 10-CV-2658-EFM, 2011 WL 2294257, at *3 (D. Kan. June 8, 2011), *aff'd,* 442 F. App'x 396 (10th Cir. 2011) ("It is well established that under Kansas law, police departments lack the capacity to be sued."); *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *5 (D. Kan. Sept. 29, 2010) (Sedgwick County Sheriff's Department is not a legal entity amenable to suit).

Accordingly, both the Sedgwick County Jail and the Sedgwick County Sheriff's Department are subject to dismissal from this action. In preparing his complaint on the court-approved form, plaintiff must name individual defendants in the caption of complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff also must refer to each defendant in the body of the complaint and must "explain what each defendant did [to the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

THE COURT THEREFORE ORDERS that the Sedgwick County Jail and the Sedgwick County Sheriff's Department are dismissed from this action.

THE COURT FURTHER ORDERS that plaintiff is granted to and including November 16, 2022, to comply with the notice of deficiency and to present his complaint on the court-approved form as directed.

IT IS SO ORDERED.

Dated: October 20, 2022　　　　　　　　　/s/  John W. Lungstrum
　　　　　　　　　　　　　　　　　　　　JOHN W. LUNGSTRUM
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE