IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**QUENTIN DARRELL BLACKMAN,**

    **Plaintiff,**

    v.                                                                                     CASE NO. 22-3262-JWL

**SEDGWICK COUNTY JAIL,**
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). On October 20, 2022, the Court entered a Memorandum and Order (Doc. 3) dismissing the SCJ and the Sedgwick County Sheriff's Department as defendants, and granting Plaintiff an opportunity to file his complaint on the court-approved form. Plaintiff filed his Complaint (Doc. 4) on the court-approved form, and on November 23, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC"), granting Plaintiff until December 28, 2022, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court extended the deadline to respond to January 27, 2023, and again to February 10, 2023. Plaintiff has failed to respond by the Court's deadline.

Plaintiff claims that while he was detained at the SCJ, he was being transported to booking when Plaintiff "began to get upset with the way a C.O. was handling [him]." (Doc. 4, at 2.) Plaintiff alleges that he was then restrained by two COs while Plaintiff was handcuffed. *Id*. Plaintiff alleges that he "turned and tried to kick off the wall" and accidentally kicked Detention

1

Deputy Bertha Aguinaga. *Id*. In response, Deputy Aguinaga hit Plaintiff with several strikes to the leg. *Id*. at 3. Plaintiff claims he was subjected to excessive force. Plaintiff seeks to have Deputy Aguinaga "relieved of her duties" and to receive $10,000 for mental and physical damage. *Id*. at 5.

The Court found in the MOSC that "the appropriate standard for a pretrial detainee's excessive[-]force claim is solely an objective one" and that therefore "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Brown v. Flowers*, 974 F.3d 1178, 1182 (10th Cir. 2020) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473–74, 192 L. Ed. 2d 416 (2015); *see also Colbruno v. Kessler*, 928 F.3d 1155, 1163 (10th Cir. 2019) ("[T]here is no subjective element of an excessive-force claim brought by a pretrial detainee.").

Not every isolated battery or injury to an inmate amounts to a federal constitutional violation. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (stating that not "every malevolent touch by a prison guard gives rise to a federal cause of action.") (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")). Plaintiff acknowledges that he kicked Deputy Aguinaga first. Although Plaintiff alleges it was an accident, nothing suggests that Aguinaga perceived it as an accident or that her response was objectively harmful enough to establish a constitutional violation. Plaintiff has not alleged objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.

The Court also found that to the extent Plaintiff seeks Defendant Aguinaga's termination in his request for relief, the Court is without authority to grant such relief.  *See  Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007) ( "The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Goulette v. Warren*, No. 3:06CV235-1-MU, 2006 WL 1582386, at n.1 (W.D. N.C. June 1, 2006) ("The Court notes that even if Plaintiff's claims prevailed in this case, this Court would not, based upon this law suit, have the authority to order the termination of the Defendant's employment or to grant Plaintiff an immediate, early release from jail."); *Dockery v. Ferry*, No. 08-277, 2008 WL 1995061, at *2 (W.D. Pa. May 7, 2008) (finding that the court cannot issue an order which would direct a local government to terminate a police officer's employment) (citation omitted); *Martin v. LeBlanc*, No. 14-2743, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24, 2014) (finding that where plaintiff requested an investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action"); *Merrida v. California Dep't of Corr.*, No. 1:06-CV-00502 OWW LJO P, 2006 WL 2926740, at n.1 (E.D. Cal. Oct. 11, 2006) (finding that where plaintiff prays for the termination of defendant's employment, the court cannot award this form of relief to plaintiff) (citing 18 U.S.C. § 3626(a)(1)(A)).

The Court also found that any request for compensatory damages is barred by 42 U.S.C. § 1997e(e), unless a plaintiff alleges a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice."  (Doc. 7, at 7.)  Plaintiff has failed to respond by the deadline and has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated February 17, 2023, in Kansas City, Kansas.

> S/   John W. Lungstrum
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**